UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK GARCIA-PINEDA,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 26-cv-00396-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Plaintiff Erick Garcia-Pineda alleges that staff at the San Francisco Sheriff's Office used excessive force and provided inadequate medical care. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

When liberally construed, Garcia-Pineda has stated Eighth Amendment excessive force claims against Deputy Patrick and Sergeant Ibarra, and Eighth Amendment deliberate indifference claims against Drs. Elizabeth and Marlow. All other claims and defendants are DISMISSED. The Court directs defendants Patrick, Ibarra, Elizabeth, and Marlow to file in response to the operative complaint a dispositive motion, or a notice regarding such motion, on or before **November 23, 2026**. Defendants also shall file an answer in accordance with the Federal Rules of Civil Procedure.

No hearing will be held on any motion unless I specifically order one.

United States District Court
Northern District of California

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Garcia-Pineda alleges that on July 11, 2025, at the San Francisco County Jail, San Francisco Sheriff's Officers Deputy Patrick and Sergeant Ibarra used excessive force in trying to remove rings from his fingers and injured right middle finger.[1] (Compl., Dkt. No.

---

[1] I take the allegations from the initial complaint (Dkt. No. 1), rather than the amended complaint (Dkt. No. 7) because it provides a more comprehensive recitation of the relevant

2

1 at 3.)  He also alleges that Dr. Elizabeth and Dr. Marlow failed to provide constitutionally adequate medical care for his injuries.  (*Id.*)  When liberally construed, Garcia-Pineda has stated an Eighth Amendment excessive force claim against Patrick and Ibarra, and an Eighth Amendment deliberate indifference claim against Drs. Elizabeth and Marlow.

All other claims and defendants are DISMISSED.  Garcia-Pineda lists other deputies who were present but they were not the ones who used excessive force.  Deputy Ng, for instance, attempted to remove the rings but stopped when Garcia-Pineda told him that he was in pain.  (Compl., Dkt. No. 1 at 3.)  His allegation that Ibarra "targeted" and retaliated against him is based on speculation.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Dkt. No. 1), all attachments thereto, on defendants Deputy Patrick, Sergeant Ibarra, Dr. Elizabeth, and Dr. Marlow, all employees of the San Francisco Sheriff's Office.  These defendants are ordered to respond to the cognizable claims raised in the operative complaint.

2.     Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3.     On or before **November 23, 2026**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

---

facts.  Also, Garcia-Pineda states that in his amended complaint he seeks to "add to his complaint" rather than replace it.  (Am. Compl., Dkt. No. 7 at 3.)  Because an amended complaint completely replaces a prior complaint, this would deprive his allegations of sufficient factual allegations.  Accordingly, the original complaint (Dkt. No. 1) is the operative complaint in this matter.  The amended complaint is DISMISSED.  If Garcia-Pineda wishes to file an amended complaint in which he presents his full allegations and any additional claims, he must do so within 30 days from the date of this Order.

a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

5. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to

United States District Court
Northern District of California

jail or prison officials, not to the Court.

9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

*United States District Court*
*Northern District of California*

5

12. No hearing will be held on any motion unless I specifically order one.

13. The Clerk shall TERMINATE the San Francisco Sheriff's Office as a defendant.

**IT IS SO ORDERED.**

**Dated:** July 7, 2026



_____
WILLIAM H. ORRICK
United States District Judge